Scott A. Booth (AZ SBN 024170)
**KASDAN LIPPSMITH WEBER TURNER LLP**
3200 N. Central Ave., Suite 2100
Phoenix, AZ 85012
Phone: 602-224-7800
Fax: 602-224-7801
E-Mail: kasdancourt@kasdancdlaw.com

Graham B. LippSmith (CA SBN 221984)
*(pro hac vice pending)*
glippsmith@klwtlaw.com
Jaclyn L. Anderson (CA SBN 258609)
*(pro hac vice pending)*
janderson@klwtlaw.com
**KASDAN LIPPSMITH WEBER TURNER LLP**
360 E. 2nd Street, Suite 300
Los Angeles, CA 90012
Phone: 213-254-4800
Fax: 213-254-4801

Jason T. Dennett (WSBA #30686)
*(pro hac vice pending)*
jdennett@tousley.com
Kaleigh N. Powell (WSBA #52684)
*(pro hac vice pending)*
kpowell@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Phone: 206-682-5600
Fax: 206-682-2992

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teri Herrera, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>Verra Mobility Corporation, a Delaware corporation,<br><br>            Defendant. | Case No.:<br>**CLASS ACTION COMPLAINT**<br><br>**FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE WASHINGTON CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff Teri Herrera ("Plaintiff") brings this Class Action Complaint against Defendant Verra Mobility Corporation to (1) stop Verra Mobility Corporation's practice of sending unlawful debt collection notices to rental car customers and (2) obtain redress for all persons injured by Verra Mobility Corporation's unlawful conduct. Plaintiff alleges upon personal knowledge as to her own acts and experiences, and as to all other matters upon information and belief, including investigation conducted by her attorneys, as follows:

## NATURE OF ACTION

1.    Defendant Verra Mobility Corporation ("Verra") contracts with rental car companies to process and collect amounts that rental car customers are contractually obligated to pay when they cause rental car companies to incur road tolls. According to Verra, it helps rental car companies to "keep vehicles moving and compliant, drive down costs by reducing or eliminating vehicle-issued violations[,] and generate revenue through flexible tolling programs. [It's] the only U.S. vendor to do this."[1]

2.    To collect the amounts that consumers allegedly owe under their contracts with the rental car companies, Verra sends "Notices" to consumers for the amounts of the road tolls that the rental car company incurred plus "administrative fees" that compensate Verra and the rental car company for the cost of collecting the contractual debt from the rental car company's customers. Those fees are multiple times the amount of the toll itself. Verra's practice of sending these notices and charging these fees violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Washington Collection Agency Act ("CAA"), RCW 19.16.100 *et seq.*

---

[1] *See* https://www.verramobility.com/rental-cars/ (last visited March 6, 2020).

3.      By sending the Notices at issue in this Complaint, Verra caused Plaintiff and members of the Classes actual harm and cognizable legal injury. That harm and legal injury includes—but is not limited to—Verra's failure to disclose in its initial and subsequent communications with Plaintiff and members of the Classes that it was a debt collector attempting to collect a debt, and any information that Verra obtained would be used for that purpose; Verra's use of a business, company, or organization name other than its true name; and Verra's practice of charging and collecting from consumers amounts for its collection services that are in excess of the amount permitted by state law.

4.      In response to Verra's unlawful conduct, Plaintiff brings this class action for violations of the FDCPA and the Washington Consumer Protection Act ("CPA"), RCW 19.86 (through violations of Washington's Collection Agency Act), against Verra and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities.

5.      Plaintiff and members of the below-defined Classes seek an injunction requiring Verra to cease all unlawful and unlicensed debt collection activities as complained of herein, as well as an award of actual and statutory damages to members of the Classes, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because Plaintiff's FDCPA claims arise under the laws of the United States—specifically 15 U.S.C. § 1692 *et seq*.

7.      This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Mesa, Arizona, and many of the wrongful acts alleged in this Complaint were committed in Arizona.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to

Plaintiff's FDCPA claims, for which this Court has original jurisdiction, that they form part of the same case or controversy.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## PARTIES

10.      Plaintiff Teri Herrera is an individual citizen of the state of Washington. She currently resides in King County.

11.      Defendant Verra Mobility Corporation is a corporation incorporated in Delaware, with its principal place of business in Mesa, Arizona. Verra conducts business throughout this District and the United States.

## FACTUAL ALLEGATIONS

**A.      Rental car companies are obligated to pay toll charges incurred when their vehicles drive on toll roads—rather than pay those tolls, they contractually shift that obligation to consumers.**

12.      Some major highways and roads impose tolls on the cars that drive on them. For many car owners, these tolls are a minor inconvenience—they pay for the tolls either out of pocket at a toll booth, through transponders linked to accounts from which the tolling authority deducts money, or by having their car's license plate scanned and a bill sent directly to the registered vehicle owner's address.

13.      For rental car companies, however, tolls are more than a minor inconvenience. As the registered owners of their vehicles, rental car companies are legally obligated to pay toll charges to the governmental entities that impose them—for companies with thousands of cars in their fleets, those toll charges can represent a hefty cost of doing business.

14.      Through contracts with the consumers who rent their cars, however, rental car companies relieve themselves of this financial burden through a commercial transaction with their customers. By making its customers contractually responsible to pay amounts equal to the tolls, rental car companies bring in additional

revenue to offset the amounts they owe state and local governments for tolls. The rental car company pays the tolls for which it is legally responsible, and then attempts to recoup its losses by making its customers responsible for a separate "Customer Debt": an amount equal to the incurred tolls, thereby offsetting the amount the rental car company is legally required to pay the governments.

15.     In addition to requiring customers to pay these Customer Debts, rental car companies require their customers, through their contracts, to pay what are often called "administrative fees" (usually $9.99 or $15.00) for each toll charge the rental car company incurs while the customer was driving its rental car. In many cases, those administrative fees are multiple times the amount of the toll charge that the rental car company is responsible for.

**B.    Rental car companies contract with Defendant Verra Mobility Corporation to collect the Customer Debts in addition to "administrative fees."**

16.     Instead of collecting these Customer Debts and administrative fees from consumers themselves, rental car companies contract with Verra. Verra pays the rental car company's tolls directly to the tolling authority on the rental car company's behalf, and then commences collection efforts against the rental car company's customers.

17.     These collection efforts are no small task—according to Verra, it processed millions of toll transactions in 2018.

18.     But Verra does not perform these collection efforts for free. Instead, as payment for its collection efforts Verra takes some or all of the "administrative fee" that the rental car companies include in their contracts with drivers.

**C.    Verra collects Customer Debts from members of the below-defined Classes in violation of federal and state law.**

19.     Verra starts by sending a <u>Notice of Toll Amount and Administrative Fee for Rental Car Toll Charge</u> to the consumer. On information and belief, Verra will

style the notice differently depending on the rental car company the consumer

contracted with. For example, when a consumer rents a car through Thrifty Car

Rental, Verra will send a Notice that purportedly comes from "Thrifty Processing

Services" and includes a website address of THRIFTYRENTALFINE.COM at which

consumers can remit payment to Verra. When a consumer rents a car through Fox

Rent A Car, on the other hand, Verra will send a Notice that purportedly comes from

"Fox Rent A Car Processing Services" and includes a website address of

FOXTOLLSANDFINES.COM.

     20.     On information and belief, though Verra changes the website URL

included in its Notices depending on the rental car company at issue, its main website

for remitting payment can be found at rentalcarticket.com/. Below is a screen capture

of this website as it existed on February 19, 2020:



1

2

3       21.  Substantially the same website appears when a consumer follows a

4   rental-car-company-specific URL—only then, the "Rental Car/Leasing Company"

5   portion of the website's form fill is already selected. Below is a screen capture of

6   thriftyrentalfine.com as it existed on February 19, 2020:

7

8

9

10

11

12                    

13

14

15

16

17

18

19

20

21       22.  Though Verra now operates as Verra Mobility Corporation, its website

22   still bears the name of its corporate predecessor, ATS Processing Services.

23       23.  On its website, Verra Mobility Corporation admits that it is collecting

24   Customer Debts owed to its rental car company clients. The Frequently Asked

25   Questions page reads, in part: "The company you rented the vehicle from has signed

26   a contract with ATS Processing Services to manage and process all tolls and traffic

27   and parking violations issued to their vehicles, including billing renters in accordance

28   with their rental agreement."

24.     Nowhere on its website, however, does Verra disclose that it is a debt collector attempting to collect a debt.

25.     Even if consumers do not pay Verra through its website, Verra nevertheless collects. It obtains consumers' credit card information from the rental car companies it contracts with, and it bills those credit cards directly when consumers fail to pay.

26.     On information and belief, thousands of consumers either remit payment to Verra or have their credit cards charged by Verra for these Customer Debts and administrative fees—all without ever being informed that Verra is a debt collector under federal and state law.

**D.     Verra is not licensed to collect debts in any state.**

27.     Many states, including Washington, require that any entity that acts as a collection agency must obtain a license to do so in that state.

28.     Though Verra collects debts on behalf of rental car companies, on information and belief, it is not licensed to collect debts in any state.

**E.     Verra unlawfully attempted to collect Customer Debts from Plaintiff Teri Herrera.**

*i.     Verra unlawfully attempted to collect a debt allegedly owed to Thrifty Car Rental.*

29.     In October–November 2019, Teri Herrera travelled to Florida. She was there for vacation and to look at real estate in Key West, where she is considering purchasing property. Because Ms. Herrera was travelling all around the state, she rented a car from Thrifty Car Rental ("Thrifty").

30.     When she rented the car, Thrifty gave Ms. Herrera the option of purchasing a "PlatePass" package, which purported to cover all toll charges during Ms. Herrera's rental for a daily fee. The fee would be charged whether or not Ms. Herrera drove on any roads that imposed tolls. Because Ms. Herrera was not sure how many tolled roads she would drive on, she chose to forgo the PlatePass option

8

and to pay tolls directly. According to Thrifty, if Ms. Herrera incurred any tolls without paying for them directly, she would be responsible for the Customer Debt (equal to the amount of Thrifty's tolls) plus a $9.99 "administrative fee."

31.    During her time in Florida, Ms. Herrera drove from Orlando to Cape Canaveral, from Cape Canaveral to Miami, and then from Miami to the Florida Keys. Each time Ms. Herrera passed through a toll booth on her trip, she paid the toll directly out of pocket. Ms. Herrera paid approximately $40 to $45 in tolls at toll booths during her time driving a rental car in Florida.

32.    What Ms. Herrera did not realize was that many roads in Florida impose tolls without the presence of a booth, or even noticeable signs alerting a driver that electronic equipment was scanning the car's license plate for the purpose of imposing a toll electronically.

33.    During her time in Florida, Ms. Herrera drove through at least fourteen tolls for which she was not given the option of paying at a toll booth. On information and belief, equipment on these roads scanned the license plate of her rental car and electronically billed tolls to the car's registered owner, Thrifty. Those toll charges totaled $20.98.

34.    A few weeks after returning home to Washington, Ms. Herrera received a "Notice of Toll Amount and Administrative Fee for Rental Car Toll Charge" dated November 9, 2019 (the "First Notice"). The First Notice was purportedly from "Thrifty Processing Services" and directed Ms. Herrera to "THRIFTYRENTALFINE.COM." A redacted copy of the First Notice appears as Exhibit A.

35.    On information and belief, there is no business whose true name is "Thrifty Processing Services." Instead, Verra was responsible for preparing and mailing the First Notice—though its true name appears nowhere on that Notice.

9

36.    Among other things, the First Notice said that "[a]s provided in your Rental Agreement with Thrifty, you are responsible for all charges, penalties, and fees related to toll charge(s) incurred during your rental."

37.    The First Notice also explained that "The toll amount plus a $9.99 administrative fee per toll has been assessed. As a customer courtesy, your Rental Agreement will only incur a maximum of nine administrative fees."

38.    The First Notice listed four tolls, each allegedly incurred between October 28 and October 31, 2019. The total charges for contractual debts that offset tolls were $8.18. The added administrative fees for collection of those debts were $39.96. The First Notice in total demanded payment of $48.14—more than five times the amount of the Customer Debt Ms. Herrera owed.

39.    Nowhere does the First Notice state that it is from a debt collector that is attempting to collect a debt. Nowhere does the First Notice state that any information obtained will be used for that purpose. Nowhere does the First Notice give Ms. Herrera an explanation of how to determine the validity of the toll charges.

40.    Not believing that Thrifty could validly charge more than five times the amount of the Customer Debt in "administrative fees," Ms. Herrera called the number on the First Notice. She spoke to two representatives purportedly from "Thrifty Processing Services." The second representative ultimately agreed to waive the administrative fees if Ms. Herrera agreed to pay the amounts for the Customer Debt.

41.    Despite agreeing to waive the administrative fees, Verra—while holding itself out as Thrifty Processing Services—charged Ms. Herrera's credit card (which she had given to Thrifty) without her knowledge or consent for the full amount of the First Notice on or around November 27, 2019.

42.    A few weeks later, Ms. Herrera received yet another "Notice of Toll Amount and Administrative Fee for Rental Car Toll Charge" dated December 25,

10

2019 (the "Second Notice"). A redacted copy of the Second Notice appears as Exhibit B.

43.    The Second Notice is substantially the same as the First—and details the same charges included on the First Notice—but it adds additional amounts for ten toll charges allegedly incurred between November 1 and November 5, 2019. Those charges for Customer Debt that offset tolls total $12.80. The added administrative fees were $99.99 and triggered a "Discount Amount" of $49.95 (because no more than nine administrative fees would be charged for any one rental period). The Second Notice in total demanded that Ms. Herrera make an additional payment of $62.75—more than five times the amount of the Customer Debt underlying the Second Notice.

44.    Nowhere does the Second Notice state that it is from a debt collector attempting to collect a debt. Nowhere does the Second Notice give Ms. Herrera an explanation of how to determine the validity of the toll charges.

45.    Ms. Herrera did not respond to the Second Notice. Verra, without Ms. Herrera's knowledge or consent and while purportedly acting as "Thrifty Processing Services," charged her credit card $62.75 on or around January 6, 2020.

46.    Unbeknownst to Ms. Herrera, "Thrifty Processing Services" had already charged her credit card for a second time on or around December 7, 2019 for $39.36. Ms. Herrera received no Notice related to this charge, nor did she give "Thrifty Processing Services" permission to make it. In sum, Verra—without Ms. Herrera's knowledge or consent and while purportedly acting as "Thrifty Processing Services"—charged Ms. Herrera's credit card three times for a total of $150.25.

### ii.    *Verra unlawfully attempted to collect a debt allegedly owed to Fox Rent A Car.*

47.    Ms. Herrera had a similar experience after she rented a car from Fox Rent A Car ("Fox"). In February 2020, Ms. Herrera travelled to California to visit her

daughter. She rented a car from Fox and did not purchase a PlatePass, instead choosing to pay any tolls as she passed them.

48.     During her time in California, Ms. Herrera drove through at least two tolls for which she was not given the option of paying at a booth. On information and belief, equipment on these roads scanned the license plate of her rental car and electronically billed tolls to the car's registered owner, Fox. Those toll charges totaled $7.00.

49.     A few weeks after returning home, Ms. Herrera received a "Notice of Toll Amount and Administrative Fee for Rental Car Toll Charge" dated February 17, 2020 (the "Third Notice"). The Third Notice was purportedly from "Fox Rent A Car Processing Services" and directed Ms. Herrera to "FOXTOLLSANDFINES.COM." A redacted copy of the Third Notice appears as Exhibit C.

50.     On information and belief, there is no business whose true name is "Fox Rent A Car Processing Services." Instead, Verra was responsible for preparing and mailing the Third Notice—though its true name appears nowhere on that Notice.

51.     Among other things, the Third Notice said that "[a]s provided in your Rental Agreement with Fox Rent A Car, you are responsible for all charges, penalties, and fees related to toll charge(s) incurred during your rental."

52.     The Third Notice also explained that "The toll amount plus a $15.00 administrative fee per toll has been assessed. As a customer courtesy, your Rental Agreement will only incur a maximum of six administrative fees."

53.     The Third Notice listed two tolls, each allegedly incurred on February 5, 2020. The total charges for contractual debts that offset tolls were $7.00. The added administrative fees for collection of those debts were $30.00. The Third Notice in total demanded payment of $37.00—more than five times the amount of the Customer Debt Ms. Herrera owed.

54.     Nowhere does the Third Notice state that it is from a debt collector that is attempting to collect a debt. Nowhere does the Third Notice state that any

information obtained will be used for that purpose. Nowhere does the Third Notice give Ms. Herrera an explanation of how to determine the validity of the toll charges.

55.     As she had with the First Notice, Ms. Herrera called the number on the Third Notice. Ms. Herrera waited on hold for approximately 30 minutes before a recorded voice offered to place her in line and have a representative call her back. Though Ms. Herrera chose this option, to date no person has returned her call.

**F.     Verra unlawfully attempted to collect debts from members of the Classes.**

56.     Plaintiff is not alone. Over one hundred forty consumers have filed complaints or reviews against Verra Mobility Corporation with the Better Business Bureau documenting similar experiences. Some of those complaints appear below:

- "Complete scam. I've gotten three invoices for multiple tolls I supposedly missed and have paid $45 in administrative fees. They also indicate on their invoice they will simply charge your credit card on file if you don't pay the bill, but it's not clear that they will charge 6 more administrative fees before they do it. The website is also hard to use and log in to--which I imagine is on purpose so that people don't pay their fees and more will pile up. . . ." (February 9, 2020)

- "I got charged for 2 tolls I didn't even go through. Got charged $$29.97 for admin fees for the $3.82 in tolls I 'allegedly' missed. From the looks of it, I got robbed just like the other people below. How is this still happening?!" (January 21, 2020)

- "I allegedly owe them $2.41 for tolls. I was billed $22.39 total. I accepted the fact that they incur admin fees but that's [sic] amount is ridiculous. I received the bill on 9/18/2019 demanded payment by 9/22/2019. Impossible to do with the mail. . . ." (September 18, 2019)

13

- "I never consented for Dollar Rental to give you my Credit Card information. Just because you offer to lower these imaginary fines levied on me for a PlatePass program I was never given the option to opt into or out of, does not give you the right to charge exorbitant amounts for using toll roads. These charges never appeared on my invoice from Dollar and now I am getting emails from ATS claiming to be Dollar but asking me to pay $68 to ATS. . . ." (August 13, 2019)

- "Scammers. They sent a letter, saying I owed tolls on a Fox car rental. In fact, I stopped and paid each one (with receipts). I asked them for photo/video evidence and they doubled down, saying I needed to pay. When I insisted on seeing it, they went dark. . . . Complete scam." (July 30, 2019)

## **CLASS ACTION ALLEGATIONS**

57.    Plaintiff brings this action individually and on behalf of all other persons similarly situated in the National Class and State Subclass as defined below (and collectively referred to as "the Classes").

58.    **Class Definitions**. Under Federal Rule of Civil Procedure 23, Plaintiff brings this action as a class action on behalf of the Classes of persons defined as follows:

> **National Class**
>
> All persons within the United States who contracted with a rental car company to rent a car for personal, family, or household purposes and subsequently received a notice from Verra Mobility Corporation to collect contractual obligations that offset the rental car companies' toll charge obligations at any time from March 11, 2019 to the date of trial.

**Washington Subclass**

      All persons within the State of Washington who contracted with a rental car company to rent a car for personal, family, or household purposes and subsequently received a notice from Verra Mobility Corporation to collect contractual obligations that offset the rental car companies' toll charge obligations at any time from March 11, 2016 to the date of trial.

      Excluded from the Classes are Verra Mobility Corporation and any entities in which Verra Mobility Corporation has a controlling interest, Verra Mobility's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

      59.  **Numerosity**. The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, the Classes each have thousands of members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

      60.  **Commonality**. There are numerous questions of law and fact common to Plaintiff and the members of the Classes. These common questions of law and fact include, but are not limited to, the following:

      a.  Whether Defendant Verra Mobility Corporation sent debt collection notices to Plaintiff and members of the Classes without language required under the FDCPA;

      b.  Whether Defendant Verra Mobility Corporation used a name other than its legal business name while attempting to collect debts from Plaintiff and members of the Classes;

      c.  Whether Defendant Verra Mobility Corporation collected or attempted to collect a debt from Plaintiff and members of the

15

1     Washington Subclass without a license to conduct debt collection

2     activities in that State;

3     d.     Whether Defendant Verra Mobility Corporation collected or

4     attempted to collect from Plaintiff an amount for its debt

5     collection efforts in excess of statutorily-permitted amounts; and

6     e.     Whether Defendant Verra Mobility Corporation is liable for

7     damages, and the amount of such damages.

8     61.   **Typicality**. Plaintiff's claims are typical of the claims of the Classes.

9  Plaintiff's claims, like the claims of the Classes, arise out of the same common

10  course of conduct by Defendant Verra Mobility Corporation and are based on the

11  same legal and remedial theories.

12     62.   **Adequacy**. Plaintiff will fairly and adequately protect the interests of the

13  Classes. Plaintiff has retained competent and capable attorneys who are experienced

14  trial lawyers with significant experience in complex and class action litigation,

15  including consumer class actions. Plaintiff and her counsel are committed to

16  prosecuting this action vigorously on behalf of the Classes and have the financial

17  resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to

18  or that conflict with those of the proposed Classes.

19     63.   **Predominance**. Defendant Verra Mobility Corporation has engaged in a

20  common course of conduct toward Plaintiff and the Classes. The common issues

21  arising from this conduct that affect Plaintiff and the Classes predominate over any

22  individual issues. Adjudication of these common issues in a single action has

23  important and desirable advantages of judicial economy.

24     64.   **Superiority**. A class action is the superior method for the fair and

25  efficient adjudication of this controversy. Class-wide relief is essential to compel

26  Defendant Verra Mobility Corporation to comply with the FDCPA and applicable

27  state laws. The interest of individual Class members in individually controlling the

28  prosecution of separate claims against Defendant Verra Mobility Corporation is small

because the statutory damages in an individual action for violation of the FDCPA and related state law claims are small. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

## FIRST CAUSE OF ACTION

### (Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11))
*On Behalf of the National Class*

65.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66.     Defendant Verra Mobility Corporation is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Specifically, Verra uses instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

67.     Plaintiff and the members of the Classes are "consumers" within the meaning of 15 U.S.C. § 1692a(3) because they are natural persons obligated or allegedly obligated to pay a debt.

68.     The amounts Verra collects or attempts to collect are "debts" within the meaning of 15 U.S.C. § 1692a(5) because they are obligations or alleged obligations of consumers to pay money arising out of a transaction in which the money, property, or services that are the subject of the transaction are primarily for personal, family, or household purposes.

69.     Defendant Verra Mobility Corporation and/or Defendant Verra Mobility Corporation's affiliates, agents, and/or other persons or entities acting on its behalf

have violated the FDCPA, 15 U.S.C. § 1692e(11), by failing to disclose, in its initial communications with Plaintiff and members of the National Class, that it is a debt collector that "is attempting to collect a debt and that any information obtained will be used for that purpose."

70.    Defendant Verra Mobility Corporation and/or Defendant Verra Mobility Corporation's affiliates, agents, and/or other persons or entities acting on its behalf have further violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose, in subsequent communications with Plaintiff and members of the National Class, that its "communication[s] [are] from a debt collector."

71.    As a result of Verra Mobility's violations of the FDCPA, 15 U.S.C. § 1692e(11), Plaintiff and members of the National Class are entitled to an award of $500,000 or one percent of Verra's net worth, whichever is greater, plus attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act,
15 U.S.C. § 1692e(14))**
*On Behalf of the National Class*

72.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

73.    Defendant Verra Mobility Corporation and/or Defendant Verra Mobility Corporation's affiliates, agents, and/or other persons or entities acting on its behalf have violated the FDCPA, 15 U.S.C. § 1692e(14), by using a business, company, or organization name other than the true name of its company in connection with the collection of a debt.

74.    As a result of Verra Mobility's violations of the FDCPA, 15 U.S.C. § 1692e(14), Plaintiff and members of the National Class are entitled to an award of

$500,000 or one percent of Verra's net worth, whichever is greater, plus attorneys' fees and costs.

## **THIRD CAUSE OF ACTION**
### **(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g)**
*On Behalf of the National Class*

75.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

76.     Defendant Verra Mobility Corporation and/or Defendant Verra Mobility Corporation's affiliates, agents, and/or other persons or entities acting on its behalf have violated the FDCPA, 15 U.S.C. § 1692g by failing, within five days after the initial communication with Plaintiff and members of the National Class, to send Plaintiff and members of the National Class a written notice containing:

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

77.    As a result of Verra Mobility's violations of the FDCPA, 15 U.S.C. § 1692g, Plaintiff and members of the National Class are entitled to an award of $500,000 or one percent of Verra's net worth, whichever is greater, plus attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Violations of Washington's Consumer Protection Act, RCW § 19.86)**
*On Behalf of the Washington Class*

78.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79.    Verra is a "collection agency" under RCW § 19.16.100(4) because it is "directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

80.    The foregoing acts and omissions of Verra Mobility Corporation and/or Verra Mobility Corporation's affiliates, agents, and/or other persons or entities acting on its behalf constitute numerous and multiple violations of Washington's Collection Agency Act, 19.16.100 *et seq.*

81.    Specifically, Verra Mobility Corporation and/or Verra Mobility Corporation's affiliates, agents, and/or other persons or entities acting on its behalf have violated RCW § 19.16.110, which provides that "[n]o person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter, except as authorized by this chapter, without first having applied for an obtained a license from the director."

82.    The Legislature has declared that violation of RCW § 19.16.110 constitutes an unfair or deceptive act or practice in trade or commerce for the purpose of the Washington Consumer Protection Act. *See* RCW § 19.16.440.

83.     By acting as a collection agency without a license, Verra Mobility Corporation's conduct has impacted the public interest.

84.     Had Verra Mobility Corporation been licensed to collect debts as it was required to be, it would have been prohibited from, among other actions, collecting any amount for its collection services other than allowable interest, collection costs or handling fees that are expressly authorized by statute. *See* § 19.16.250(21). By collecting and pocketing "administrative fees," Verra Mobility Corporation collected amounts for its collection services that were not expressly authorized by statute.

85.     Accordingly, Plaintiff Teri Herrera and members of the Washington Subclass are each entitled to damages for Verra Mobility Corporation's CPA violations in the amount of administrative fees in excess of what it could have legally collected had it complied with RCW 19.16.100 *et seq*.

86.     Under the CPA, Plaintiff Teri Herrera and members of the Washington Subclass are also entitled to—and do seek—injunctive relief prohibiting Verra Mobility Corporation from violating the CAA and the CPA in the future.

87.     Plaintiff Teri Herrera and members of the Washington Subclass are additionally entitled to treble damages and their reasonable attorneys' fees under RCW § 19.86.090.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on the behalf of the Classes, prays for judgment against Verra Mobility Corporation as follows:

1.     Certification of the proposed Classes;

2.     Appointment of Plaintiff as representative of the National Class and the Washington Subclass that she seeks to represent;

3.     Appointment of the undersigned counsel as counsel for the Classes;

4.     An award to Plaintiff and the Classes of their actual, statutory, and exemplary damages, as allowed by law;

21

5.    An award to Plaintiff and the Classes of their attorneys' fees and costs, as allowed by law and/or equity;

6.    An order enjoining Verra Mobility Corporation from sending unlawful and unlicensed debt collection notices, and otherwise protecting the interests of the Classes;

7.    Leave for Plaintiff and the Classes to amend the Complaint to conform to the evidence presented at trial;

8.    A trial by jury on all issues appropriate for trial; and

9.    Such other and further relief as the Court deems necessary, just, and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a jury trial on all counts appropriate for trial.


Respectfully submitted this 11th day of March, 2020.

**KASDAN LIPPSMITH WEBER TURNER LLP**


By:   /s/ Scott A. Booth
    Scott A. Booth
    Graham B. LippSmith
    *(pro hac vice pending)*
    Jaclyn L. Anderson
    *(pro hac vice pending)*


**TOUSLEY BRAIN STEPHENS PLLC**

    Jason T. Dennett
    *(pro hac vice pending)*
    Kaleigh N. Powell
    *(pro hac vice pending)*

*Attorneys for Plaintiff and the Putative Classes*

# Exhibit A

**Thrifty Processing Services**
**THRIFTYRENTALFINE.COM**
P.O. Box 25367 R-5
**Tempe, AZ 85282**
Reference ID:    21577860

**Notice of Credit Card Charge**

| | |
|---|---|
| Notice Number : | 7470204346819 |
| Due Date : | 11/24/2019 |
| Toll Amount : | $8.18 |
| Administrative Fee : | $39.96 |
| Balance Due : | $48.14    USD |

## Notice of Toll Amount and Administrative Fee
## for Rental Car Toll Charge

02751 1 MB 0.425 T 8 00-ATVLRC1D-2
**TERI HERRERA**

You recently rented a vehicle from DTG Operations, Inc. d/b/a Thrifty Car Rental. During the term of your Rental Agreement, one or more toll charges were issued relating to the rental car in your possession at that time. **The associated toll charge(s) were paid on your behalf to protect Thrifty from incurring late fees, penalties and potential vehicle seizure.**    Specific information about the toll charge(s) is provided below and can be viewed at THRIFTYRENTALFINE.COM.

| | |
|---|---|
| Rental Car Agency: Thrifty | |
| Rental Agreement Number: 157268436 | |
| Plate State and Number: FL JKTX93 | |
| Rental Start Date: 10/28/2019  7:25 AM | |
| Rental Return Date: 11/05/2019  3:11 PM | |

| | |
|---|---|
| Toll Number: | Details on Following Page(s) |
| Billing Type: | Toll |
| Toll Date and Time: | Details on Following Page(s) |

As provided in your Rental Agreement with Thrifty, you are responsible for all charges, penalties, and fees related to toll charge(s) incurred during your rental.

The toll amount plus a $9.99 administrative fee per toll has been assessed.   As a customer courtesy, your Rental Agreement will only incur a maximum of nine administrative fees.

Thrifty Processing Services is requesting that you reimburse us for the toll amount we paid on your behalf, and also pay the administrative fee authorized in the Rental Agreement. **If you take no action, the credit card you used to pay for your rental, ending in 8986, will be charged for the toll amount and administrative fee on 11/24/2019.**   The charge on your credit card statement will appear as Thrifty Toll-ATS or American Traffic Solutions, Inc. Instructions for changing the payment method online, by phone, or by mail can be found below.

**Important Notice If You Timely Paid the Toll Charge(s):** If you have already remitted payment to the toll issuer, please provide us with proof of payment so we may clear this matter with the toll issuer.  Proof of payment may be faxed to 602-532-7650.

---

**INSTRUCTIONS FOR CHANGING PAYMENT METHOD OR REQUESTING REFUNDS**

ONLINE - Visit us at **THRIFTYRENTALFINE.COM**.                                   BY EMAIL: ThriftyCarRental@atsol.com

BY PHONE: Please call toll free 877-759-5826 Monday - Friday between the hours of 8:00 am to 6:00 pm Central Standard Time.

BY MAIL: Your check or money order drawn on a United States bank (made payable to Thrifty Processing Services) can be mailed in the enclosed envelope with the attached payment coupon.  If outside the US, a money order may be sent.  Please ensure you mail payment 7 days before the due date to allow for processing.
IFACS-PRE  DI US                           Si necesitas ayuda en Espanol, favor de llamar al 877-759-5826

---

Please pay with your Discover, Visa, MasterCard or American Express at **THRIFTYRENTALFINE.COM** or mail your check or money order with this coupon to the address below.

✓ **Easy payments online at**
**THRIFTYRENTALFINE.COM**

✓ **If paying by mail, make check or money orders**
**Payable to:**
**Thrifty Processing Services**

✓ DO NOT MAIL CASH

✓ Write the notice number on the front of your payment

✓ Insert this tear-off coupon in the enclosed envelope with the address (at the right) showing through the window.

✓ **Reminder: If you take no action, your credit card will be charged on or about the due date.**

| NAME: TERI HERRERA | DUE: 11/24/2019 |
|---|---|
| NOTICE NUMBER: 7470204346819 | NOTICE DATE: 11/9/2019 |
| RENTAL AGREEMENT NUMBER:157268436 | |

THRIFTY PROCESSING SERVICES
P.O. BOX 956649
ST. LOUIS, MO  63195-6649

**AMOUNT DUE :**          **$48.14  USD**

1  7470204346819  000000000000  048147

20D

Thrifty Processing Center
THRIFTYRENTALFINE.COM
P.O. Box 25367 R-5
Tempe, AZ 85282
Reference ID:     21577860

## Toll Charges Detail

**FLORIDA DEPT OF TRANSPORTATION / SUNPASS**
PO BOX 880069 BOCA RATON, FL  33488-0069

| Toll Number | Toll Description | Toll Date/Time | Toll Amount | Admin Fee |
|---|---|---|---|---|
| 30618342550 | BEACHLINE WEST - ORT WEST | 10/28/2019  7:35:09AM | $2.5 | $9.99 |
| 30637598538 | SR913 RICKENBACKER MAIN EB MP7 | 10/31/2019  9:05:59AM | $3 | $9.99 |
| 30636579039 | SR 91 GOLDEN GLADES MAIN SB | 10/30/2019  8:28:56PM | $1.34 | $9.99 |
| 30635203683 | SR91 CYPRESSCREEK MAIN SB MP63 | 10/30/2019  8:12:09PM | $1.34 | $9.99 |



| | |
|---|---|
| **Total Toll Charges:** | $8.18 |
| **Total Administrative Fees:** | $39.96 |
| **Total Amount Due:** | $48.14 |

# Exhibit B

Thrifty Processing Services
THRIFTYRENTALFINE.COM
P.O. Box 25367 R-5
Tempe, AZ 85282
Reference ID:   21786405



| | |
|---|---|
| Notice Number : | 7470204346819 |
| Due Date : | 12/25/2019 |
| Toll Amount : | $20.98 |
| Administrative Fee : | $89.91 |
| Payments & Credits : | -$48.14 |
| **Balance Due :** | **$62.75**   USD |

## Notice of Toll Amount and Administrative Fee for Rental Car Toll Charge



03251 1 MB 0.425 T 10 00-ATVLRC1D-2
TERI HERRERA

[barcode]

You recently rented a vehicle from DTG Operations, Inc. d/b/a Thrifty Car Rental. During the term of your Rental Agreement, one or more toll charges were issued relating to the rental car in your possession at that time. **The associated toll charge(s) were paid on your behalf to protect Thrifty from incurring late fees, penalties and potential vehicle seizure.** Specific information about the toll charge(s) is provided below and can be viewed at THRIFTYRENTALFINE.COM.

| | | | |
|---|---|---|---|
| Rental Car Agency: | Thrifty | Toll Number: | Details on Following Page(s) |
| Rental Agreement Number: | 157268436 | Billing Type: | Toll |
| Plate State and Number: | FL JKTX93 | Toll Date and Time: | Details on Following Page(s) |
| Rental Start Date: | 10/28/2019  7:25 AM | | |
| Rental Return Date: | 11/05/2019  3:11 PM | | |

As provided in your Rental Agreement with Thrifty, you are responsible for all charges, penalties, and fees related to toll charge(s) incurred during your rental.

The toll amount plus a $9.99 administrative fee per toll has been assessed.  As a customer courtesy, your Rental Agreement will only incur a maximum of nine administrative fees.

Thrifty Processing Services is requesting that you reimburse us for the toll amount we paid on your behalf, and also pay the administrative fee authorized in the Rental Agreement. **If you take no action, the credit card you used to pay for your rental, ending in 8986, will be charged for the toll amount and administrative fee on 12/25/2019.**  The charge on your credit card statement will appear as Thrifty Toll-ATS or American Traffic Solutions, Inc. Instructions for changing payment method online, by phone, or by mail can be found below.

**Important Notice If You Timely Paid the Toll Charge(s):** If you have already remitted payment to the toll issuer, please provide us with proof of payment so we may clear this matter with the toll issuer.  Proof of payment may be faxed to 602-532-7650.

### INSTRUCTIONS FOR CHANGING PAYMENT METHOD OR REQUESTING REFUNDS

💲 ONLINE : Visit us at **THRIFTYRENTALFINE.COM**.    @ BY EMAIL: ThriftyCarRental@atsol.com

☎ BY PHONE: Please call toll free 877-759-5826 Monday - Friday between the hours of 8:00 am to 6:00 pm Central Standard Time.

✉ BY MAIL: Your check or money order drawn on a United States bank (made payable to Thrifty Processing Services) can be mailed in the enclosed envelope with the attached payment coupon.  If outside the US, a money order may be sent.  Please ensure you mail payment 7 days before the due date to allow for processing.

IFACS-PRE  DI  US                                Si necesitas ayuda en Espanol, favor de llamar al 877-759-5826

---

✓ **Easy payments online at THRIFTYRENTALFINE.COM**

✓ If paying by mail, make check or money orders **Payable to: Thrifty Processing Services**

✓ DO NOT MAIL CASH

✓ Write the notice number on the front of your payment

✓ Insert this tear-off coupon in the enclosed envelope with the address (at the right) showing through the window.

✓ **Reminder: If you take no action, your credit card will be charged on or about the due date.**

**AMOUNT DUE :**          **$62.75  USD**

 DISC VER
 VISA
 MasterCard

Please pay with your Discover, Visa, MasterCard or American Express at **THRIFTYRENTALFINE.COM** or mail your check or money order to the address below.

| | |
|---|---|
| **NAME:** TERI HERRERA | **DUE:** 12/25/2019 |
| **NOTICE NUMBER:** 7470204346819 | **NOTICE DATE:** 12/10/2019 |
| **RENTAL AGREEMENT NUMBER:** 157268436 | |

THRIFTY PROCESSING SERVICES
P.O. BOX 956649
ST. LOUIS, MO  63195-6649

[barcode]

1  7470204346819  000000000000  062754

20D

**Thrifty Processing Services**
**THRIFTYRENTALFINES.COM**
P.O. Box 25367 R-5
Tempe, AZ 85282
Reference ID:    21786405

## Toll Charges Detail

**FLORIDA DEPT OF TRANSPORTATION / SUNPASS**

PO BOX 880069 BOCA RATON, FL  33488-0069

| Toll Number | Toll Description | Toll Date/Time | Toll Amount | Admin Fee |
|---|---|---|---|---|
| 30637598538 | SR913 RICKENBACKER MAIN EB MP7 | 10/31/2019  9:05:59AM | $3 | $9.99 |
| 30635203683 | SR91 CYPRESSCREEK MAIN SB MP63 | 10/30/2019  8:12:09PM | $1.34 | $9.99 |
| 30618342550 | BEACHLINE  WEST - ORT WEST | 10/28/2019  7:35:09AM | $2.5 | $9.99 |
| 30636579039 | SR 91 GOLDEN GLADES MAIN SB | 10/30/2019  8:28:56PM | $1.34 | $9.99 |

**FLORIDA TURNPIKE ENTERPRISE (E)**

PO BOX 880069 BOCA RATON, FL  33488-0069

| Toll Number | Toll Description | Toll Date/Time | Toll Amount | Admin Fee |
|---|---|---|---|---|
| 30645326152 | SR821 BIRD RD GTL SB MP22 | 11/1/2019 10:14:26AM | $1.34 | $9.99 |
| 30672668933 | SR836 WEST (AT 57TH AVE) | 11/1/2019  9:55:05AM | $1.32 | $9.99 |
| 30667208445 | CAMPBELL DR. EAST/WEST | 11/5/2019 12:36:55PM | $.8 | $9.99 |
| 30668452819 | SR821 BIRD RD GTL NB MP22 | 11/5/2019  2:28:08PM | $1.34 | $9.99 |
| 30644045933 | HOMESTEAD SB | 11/1/2019 10:24:29AM | $1.34 | $9.99 |
| 30693975491 | MIRAMAR | 11/5/2019  2:50:07PM | $1.34 | $9.99 |
| 30726609864 | SR836 WEST (AT 97TH AVE) | 11/1/2019  9:58:50AM | $1.32 | $9.99 |
| 30672619191 | SR836 WEST (17TH AVE) | 11/1/2019  9:51:19AM | $1.32 | $9.99 |
| 30677777425 | OKEECHOBEE | 11/5/2019  2:36:25PM | $1.34 | $9.99 |
| 30668288422 | HOMESTEAD NB | 11/5/2019  2:17:25PM | $1.34 | $9.99 |

| | |
|---|---|
| Total Toll Charges: | $20.98 |
| Total Administrative Fees: | $139.86 |
| Admin Fee Discount Amount: | -$49.95 |
| Payments & Credits: | -$48.14 |
| Total Amount Due: | $62.75 |

# Exhibit C

Fox Rent A Car Processing Services
FOXTOLLSANDFINES.COM
P.O. Box 25367 X-5
Tempe, AZ 85282
Reference ID:    22346844

| Notice of Credit Card Charge | |
| --- | --- |
| Notice Number : | 7630208095715 |
| Due Date : | 3/8/2020 |
| Toll Amount : | $7.00 |
| Administrative Fee : | $30.00 |
| Balance Due : | $37.00    USD |

## Notice of Toll Amount and Administrative Fee for Rental Car Toll Charge

01-01-2-01
02286 1 MB 0.436 T 7 00-ATVLRC1D-2
TERI HERRERA

D00493A

You recently rented a vehicle from FOX RENT A CAR, INC. During the term of your Rental Agreement, one or more toll charges were issued relating to the rental car in your possession at that time. **The associated toll charge(s) were paid on your behalf to protect Fox Rent A Car from incurring late fees, penalties and potential vehicle seizure.** Specific information about the toll charge(s) is provided below and can be viewed at FOXTOLLSANDFINES.COM.

| | | | |
| --- | --- | --- | --- |
| Rental Car Agency: | Fox Rent A Car | Toll Number: | Details on Following Page(s) |
| Rental Agreement Number: | LAX-1944595 | Billing Type: | Toll |
| Plate State and Number: | CA 8JQW679 | Toll Date and Time: | Details on Following Page(s) |
| Rental Start Date: | 02/04/2020  4:33 PM | | |
| Rental Return Date: | 02/09/2020  11:46 AM | | |

As provided in your Rental Agreement with Fox Rent A Car, you are responsible for all charges, penalties, and fees related to toll charge(s) incurred during your rental.

The toll amount plus a $15.00 administrative fee per toll has been assessed. As a customer courtesy, your Rental Agreement will only incur a maximum of six administrative fees.

Fox Rent A Car Processing Services is requesting that you reimburse us for the toll amount we paid on your behalf, and also pay the administrative fee authorized in the Rental Agreement. **If you take no action, the credit card you used to pay for your rental, ending in 8986, will be charged for the toll amount and administrative fee on 3/8/2020.** The charge on your credit card statement will appear as FoxTollsAndFines-ATS or American Traffic Solutions, Inc. Instructions for changing the payment method online, by phone, or by mail can be found below.

<u>**Important Notice If You Timely Paid the Toll Charge(s):**</u> If you have already remitted payment to the toll issuer, please provide us with proof of payment so we may clear this matter with the toll issuer. Proof of payment may be faxed to 602-532-7051.

### INSTRUCTIONS FOR CHANGING PAYMENT METHOD OR REQUESTING REFUNDS

ONLINE : Visit us at **FOXTOLLSANDFINES.COM**.    BY EMAIL: foxrentacar@atsol.com

BY PHONE: Please call toll free 1-855-571-5137 Monday - Friday between the hours of 8:00 am to 6:00 pm Central Standard Time.

BY MAIL: Your check or money order drawn on a United States bank (made payable to Fox Rent A Car Processing Services) can be mailed in the enclosed envelope with the attached payment coupon. If outside the US, a money order may be sent. Please ensure you mail payment 7 days before the due date to allow for processing.

IFACS-PRE DI US    Si necesitas ayuda en Espanol, favor de llamar al 1-855-571-5137

✓ Easy payments online at FOXTOLLSANDFINES.COM

✓ If paying by mail, make check or money orders Payable to:
Fox Rent A Car Processing Services

✓ DO NOT MAIL CASH

✓ Write the notice number on the front of your payment

✓ Insert this tear-off coupon in the enclosed envelope with the address (at the right) showing through the window.

✓ Reminder: If you take no action, your credit card will be charged on or about the due date.

**AMOUNT DUE :**    **$37.00  USD**

DISC_VER
VISA
MasterCard

Please pay with your Discover, Visa, MasterCard or American Express at FOXTOLLSANDFINES.COM or mail your check or money order to the address below.

| NAME: TERI HERRERA | DUE: 3/8/2020 |
| --- | --- |
| NOTICE NUMBER: 7630208095715 | NOTICE DATE: 2/17/2020 |
| RENTAL AGREEMENT NUMBER: LAX-1944595 | |

FOX RENT A CAR PROCESSING SERVICES
P.O. BOX 956649
ST. LOUIS, MO  63195-6649

1  7630208095715  000000000000  037007

20D

Fox Rent A Car Processing Services
FOXTOLLSANDFINES.COM
P.O. Box 25367 X-5
Tempe, AZ 85282
Reference ID:    22346844

## Toll Charges Detail

**THE TOLL ROADS VIOLATION DEPARTMENT**

PO BOX 57011 IRVINE, CA  92619-7011  (800) 378-8725 Ext 6, 4  https://www.thetollroads.com/violation/

| Toll Number | Toll Description | Toll Date/Time | Toll Amount | Admin Fee |
|---|---|---|---|---|
| IJL6M449CCIEHI5CEBSU | SR73 Newport Coast Off 2 | 2/5/2020  1:46:44PM | $3.5 | $15.00 |
| ISEZGLXVVPW5GD6OGY4W | SR73 Newport Coast On Lane 1 | 2/5/2020  2:43:40PM | $3.5 | $15.00 |

|  |  |
|---|---|
| **Total Toll Charges:** | $7.00 |
| **Total Administrative Fees:** | $30.00 |
| **Total Amount Due:** | $37.00 |